**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 10-4269**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ERNESTO GONZALEZ-TORRES,

Defendant – Appellant.

―――――――――

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:09-cr-00678-PMD-1)

―――――――――

Submitted: February 3, 2011          Decided: March 10, 2011

―――――――――

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Michael Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ernesto Gonzalez-Torres appeals the twelve-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to possession of counterfeit credit cards, in violation of 18 U.S.C. § 1029(a)(2), (a)(3) (2006). Counsel for Gonzalez-Torres filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but questioning whether (1) the district court erred in accepting Gonzalez-Torres's guilty plea; and (2) the court imposed an unreasonable sentence. Gonzalez-Torres was informed of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

Because Gonzalez-Torres did not move to withdraw his guilty plea in the district court or raise any objections to the Federal Rule of Criminal Procedure 11 colloquy, the colloquy is reviewed for plain error. United States v. General, 278 F.3d 389, 393 (4th Cir. 2002); United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). A defendant's substantial rights are affected if the error "influenced the defendant's decision to plead guilty and impaired his ability to

2

evaluate with eyes open the direct attendant risks of accepting criminal responsibility." United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (internal quotation marks omitted); see also Martinez, 277 F.3d at 532 (holding that a defendant must demonstrate that he would not have pled guilty but for the error).

A review of the record reveals that the district court fully complied with the requirements of Rule 11. The court provided Gonzalez-Torres, a non-native English speaker, with an interpreter, and his answers reflect a thorough understanding of the proceeding. The court ensured that Gonzalez-Torres's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offense to which he pled guilty. Accordingly, we hold that the district court did not err in conducting the plea colloquy.

Because Gonzalez-Torres did not request a different sentence than the one ultimately imposed, we review his sentence for plain error. See United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010). We must begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2006] factors, selecting a sentence based

3

on clearly erroneous facts, or failing to adequately explain the chosen sentence including an explanation for any deviation from the Guidelines." Gall v. United States, 552 U.S. 38, 51 (2007). If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence. Id. The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

When, as here, the district court imposes a within-Guidelines sentence, the district court may "provide a less extensive, while still individualized, explanation." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009), cert.

4

denied, 130 S. Ct. 2128 (2010). That explanation must be sufficient to allow for "meaningful appellate review" such that we need "not guess at the district court's rationale." Carter, 564 F.3d at 329-30 (internal quotation marks omitted). However, where a matter is conceptually simple "and the record makes clear that the sentencing judge considered the evidence and arguments," we do not require an extensive explanation. Rita, 551 U.S. at 359.

We conclude that the district court's sentence was both procedurally and substantively reasonable. Gonzalez-Torres's sentence is within the applicable Guidelines range. See U.S. Sentencing Guidelines Manual ch. 5, pt. A (sentencing table). The district court used the correct Guidelines range and understood that it was advisory. Furthermore, it is apparent from the court's discussion with counsel and Gonzalez-Torres that it considered both parties' arguments and had a reasoned basis for its decision. See Rita, 551 U.S. at 359.

In accordance with Anders, we have examined the entire record and find no other meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Gonzalez-Torres, in writing, of the right to petition the Supreme Court of the United States for further review. If Gonzalez-Torres requests that a petition be filed, but counsel believes that such a petition would be

5

frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gonzalez-Torres.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED